# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:13-CR-00016-JDK |
| v. | § |
| | § |
| | § |
| PAUL BRYAN JONES (3), | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 18, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Paul Bryan Jones. The government was represented Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class B felony. This offense carried statutory maximum imprisonment term of forty years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. On January 22, 2014, U.S. District Judge Michael Schneider of the Eastern District of Texas sentenced Defendant to 138 months imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug and alcohol treatment and testing, and a special assessment fee of $100. On January 14, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from possessing a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release when he submitted urine specimens that tested positive for cocaine, methamphetamine, and marijuana. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, methamphetamine, and marijuana, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 21 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX, if available, and that Defendant receive drug and alcohol treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of December, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE